Chad C. Butterfield Esq.
Nevada Bar No. 10532
chad.butterfield@wilsonelser.com
Taylor A. Buono Esq.
Nevada Bar No. 15513
taylor.buono@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV  89119
Tel: (702) 727-1400   Fax: (702) 727-1401
*Attorneys for Plaintiff Twin City Fire Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TWIN CITY FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ATKINSON WATKINS & HOFFMAN, LLP, a Nevada Limited Liability Partnership; JUSTIN L. WATKINS, an individual; and MATTHEW W. HOFFMAN, an individual,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff TWIN CITY FIRE INSURANCE COMPANY ("Twin City"), by and through its undersigned counsel, for its Complaint for Declaratory Judgment, states as follows:

**THE PARTIES**

1.     Twin City, the Plaintiff herein, is, and at all times relevant hereto was, an insurance corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

2.     Upon information and belief, Defendant Atkinson Watkins & Hoffman, LLP ("AWH") is a Nevada limited liability partnership with its principal place of business in Las Vegas, Nevada.

264360605v.2
210505412_1 LAW

3. Upon information and belief, Defendant Justin L. Watkins ("Watkins"), is, and at all times relevant hereto was, an individual residing in the State of Nevada, County of Clark.

4. Upon information and belief, Defendant Matthew W. Hoffman ("Hoffman"), is, and at all times relevant hereto was, an individual residing in the State of Nevada, County of Clark.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff Twin City is organized under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. Plaintiff is informed and believes that Defendants Watkins and Hoffman are residents of the State of Nevada. Plaintiff is informed and believes that the members of AWH are residents of the State of Nevada for purposes of diversity. With respect to the amount in controversy, this matter involves liability insurance coverage for an underlying lawsuit and claim for over $100,000 in damages.

6. This Court has personal jurisdiction over AWH herein because it is either: (a) a citizen, or considered to be a citizen of, the State of Nevada or, (b) has purposefully availed itself of the protections of Nevada law.

7. This Court has personal jurisdiction over Defendant Watkins because he is a resident of the State of Nevada.

8. This Court has personal jurisdiction over Defendant Hoffman because he is a resident of the State of Nevada.

9. An actual controversy exists between Twin City and AWH, Watkins, and Hoffman, and therefore, this Court may declare the rights and other legal relations of the parties hereto pursuant to 28 U.S.C. § 2201(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claims occurred in the district of Nevada.

///

///

**AWH'S INSURANCE POLICIES**

11. Twin City issued a Spectrum Business Owner's Policy to AWH, policy number 53 SBA AI6160 SC for the policy period of June 28, 2017 to June 28, 2018 (the "2017-18 Policy"). The 2017-18 Policy was renewed for the policy period of June 28, 2017 to June 28, 2019 (the "2018-19 Policy"), and has been renewed annually through the policy period of June 28, 2021 through June 28, 2022. The 2017-18 Policy and the 2018-19 Policy are collectively referred to herein as "the Spectrum Policies."

12. The Spectrum Policies carry combined single liability limits of $1,000,000, general aggregate limits of $2,000,000, and Umbrella Liability coverage of an additional $1,000,000 combined single limit per policy year, with a $10,000 Self Insure Retention, under form SX 80 02 04 05. True and correct certified copies of the Spectrum Policies are attached hereto as **Exhibit "1"** and **Exhibit "2"**, respectively.

13. The Spectrum Policies contain Business Liability Coverage Form (SS 00 08 04 05) which states in pertinent part:

> **A.    COVERAGES**
>
> **1.    BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**
>
> **Insuring Agreement**
>
> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.
>
> ***
>
> **b.**    This insurance applies:
>
> **(1)**    To "bodily injury" and "property damage" only if:
>
> **(a)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

        **(b)** The "bodily injury" or property damage" occurs during the policy period; . . .

    **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

***

14. The Business Liability Coverage Form contains the following provision:

    **C.**     **WHO IS AN INSURED**

        **1.** If you are designated in the Declarations as:

***

        **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

15. The Business Liability Coverage Form contains the following definitions:

    **1.** "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

        **a.** **(1)** Radio;

            **(2)** Television;

            **(3)** Billboard

            **(4)** Magazine;

            **(5)** Newspaper;

        **b.** The Internet . . .

        **c.** Any other publication that is given widespread public distribution . . .

***

    **5.** "Bodily injury" means physical:

        **a.** Injury;

        **b.** Sickness; or

        **c.** Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

***

    **8.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\*\*\*

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor; [As modified by Business Liability Coverage Form Amendatory Endorsement, Form SS 00 60 09 15]

   d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral, written or electronic publication of material that violates a person's right of privacy;

   f. Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

   g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

\*\*\*

20. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data is not tangible property.

21. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and

advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

16.    The Spectrum Policies include the following relevant exclusions:

**B.**    **EXCLUSIONS**

**1.**    **Applicable to Business Liability Coverage**

This insurance does not apply to:

    **a.**    **Expected or Intended Injury**

        **(1)**    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

        **(2)**    "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

    **b.**    **Contractual Liability**

        **(1)**    "Bodily injury" or "property damage"; or

        **(2)**    "Personal and advertising injury"

for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

This exclusion does not apply to liability for damages because of:

        **(a)**    "Bodily injury", "property damage" or "personal and advertising injury" that the insured would have in the absence of the contract or agreement; or

        \*\*\*

    **e.**    **Employer's Liability**

"Bodily injury" to:

       **(1)** An "employee" of the insured arising out of and in the course of:

          **(a)** Employment by the insured; or

          **(b)** Performing duties related to the conduct of the insured's business, or

       **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of **(1)** above.

This exclusion applies:

       **(1)** Whether the insured may be liable as an employer in any other capacity; and

       **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\*\*\*

  **p.** **Personal And Advertising Injury**

"Personal and advertising injury":

       **(1)** Arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;

\*\*\*

       **(4)** Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement"; . . . .

17. The Spectrum Policies include BUSINESS LIABILITY COVERAGE FORM AMENDATORY ENDORSEMENT (Form SS 00 60 09 15), which provides:

This endorsement modifies insurance provided under the following:

**BUSINESS LIABILITY COVERAGE FORM**

\*\*\*

  **B.** Subparagraph 1.r. of Section B. **Exclusions** is deleted and replaced with the following:

  **r.** **Employment-Related Practices**

"Personal and advertising injury" to:

       **(1)** A person arising out of any "employment-related practices"; or

    **(2)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any "employment-related practices" are directed.

    This exclusion applies:

    **(a)** Whether the injury-causing event described in the definition of "employment-related practices" occurs before employment, during employment or after employment of that person;

    **(b)** Whether the insured may be liable as an employer or in any other capacity; and

    **(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

18. The Spectrum Policies include the LIMITED EXCLUSION – PERSONAL AND ADVERTISING INJURY – LAWYERS endorsement, Form SS 50 38 10 03, which provides:

> This Endorsement modifies insurance provided under the following:
>
> **BUSINESS LIABILITY COVERAGE FORM**
>
> **\*\*\***
>
> **B.** The following is added to Exclusion **p. "Personal and Advertising injury"** of Section **B.** Exclusions:
>
> This insurance does not apply to "personal and advertising injury" arising out of the rendering of or failure to render professional services as a lawyer.

19. The Spectrum Policies include Umbrella Liability coverage under form SX 80 02 04 05. The Umbrella Liability coverage form provides:

> **SECTION I – COVERAGES**
>
> **INSURING AGREEMENTS**
>
> **A.** **Umbrella Liability Insurance**
>
>   **1.** We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence".

***

 **2.** This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:

  **a.** The "bodily injury", "property damage" or "personal and advertising injury" occurs during the "policy period" . . . .

**B.** **Exclusions**

This policy does not apply to:

***

**4.** **Personal and Advertising Injury**

"Personal and advertising injury".

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance", but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies. [As modified by the Following Form Endorsement – Personal and Advertising Injury, Form SX 24 33 06 10]

***

**14.** **Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

***

**18.** **Employment Practices Liability**

Any injury or damage to:

 **1.** A person arising out of any:

  **(a)** Refusal to employ that person;

  **(b)** Termination of that person's employment; or

  **(c)** Any employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation,

> harassment, humiliation or discrimination directed at that person;
>
> \*\*\*
>
> This exclusion applies:
>
> **i.** Whether the "insured" may be liable as an employer or in any other capacity; and
>
> **ii.** To any obligation to share "damages" with or repay someone else who must pay "damages" because of the injury.
>
> **SECTION VII – DEFINITIONS**
>
> **Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**
>
> **F.** **"Occurrence"** means:
>
> **1.** With respect to "bodily injury" or "property damage", an "accident", including continuous or repeated exposure to substantially the same general harmful conditions; and
>
> **2.** With respect to "personal and advertising injury", an offense described in one of the numbered subdivisions of that definition in the "underlying insurance".

20. The Spectrum Policies include EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION endorsement, Form SX 23 15 12 15, which provides, in relevant part:

> This endorsement modifies insurance provided under the following:
>
> **UMBRELLA LIABILITY PROVISIONS (SX 80 02)**
>
> **A.** The following is added to **Exclusions, B.4 Personal and Advertising Injury** of SECTION 1-COVERAGES:
>
> This insurance does not apply to
>
> **Access Or Disclosure Of Confidential Or Personal Information**
>
> "Personal or advertising injury" arising out of any access to or disclosure of any person's or organizations confidential or personal information including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

21. The Spectrum Policies include EXCLUSION – LAWYERS PROFESSIONAL LIABILITY endorsement, Form SX 21 72 04 01, which provides:

> This endorsement modifies insurance provided under the following:
>
> **SPECTRUM UMBRELLA LIABILITY SUPPLEMENTAL CONTRACT**
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render professional legal services by a lawyer or by any other person performing such legal services.

22. The Spectrum Policies include EXCLUSION – EMPLOYEE INJURY endorsement, Form SX 21 77 12 06, which provides:

> This endorsement modifies insurance provided under the following:
>
> **UMBRELLA LIABILITY PROVISIONS**
>
> The **Employer Liability** Exclusion is deleted and replaced by the following:
>
> This policy does not apply to any injury or damage to:
>
> **(A)** Any "employee" of any "insured" arising out of or in the course of employment by any "insured;" or
>
> **(B)** The spouse, child, parent, brother or sister of the "employee" as a consequence of **(A)** above; or
>
> **(C)** To you or any of your partners or members, (if you are a partnership, joint venture), or your members (if you are a limited liability company).
>
> This exclusion applies:
>
> **(1)** Whether any "insured" may be liable as an employer or in any other capacity;
>
> **(2)** Whether or not liability for **(A), (B)** or **(C)** above is assumed by any "insured" under any contract or agreement; or
>
> **(3)** To any obligation to share "damages" with or repay someone else who must pay "damages" because of the injury or damage.

## THE WIBICKI LAWSUIT

23. On February 19, 2021, Sabrina G. Wibicki filed a complaint in the Eighth Judicial District Court, Clark County, Nevada, captioned *Sabrina G. Wibicki v. Atkinson Watkins & Hoffman LLP d/b/a Battle Born Injury Lawyers and 9th Island Injury Lawyers; Justin L. Watkins; Matthew W. Hoffman*, bearing Case No. A-21-829779-B (the "Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached hereto as **Exhibit "3"**.

24. Defendant AWH is a law firm, operating in Las Vegas, Nevada.

25. Upon information and belief, Defendant Watkins and Defendant Hoffman are partners of AWH.

26. In the Underlying Lawsuit, Wibicki alleges that she is a licensed attorney in Nevada who entered into an agreement with Watkins and Hoffman to carry on a business as a partnership and/or joint venture.

27. Wibicki claims that in October 2015, she joined AWH as a partner and handled insurance defense cases with the firm. She alleges that in the spring of 2017, she entered into an agreement with Watkins and Hoffman to form a new venture, called 9th Island Injury Lawyers, which was designed to cater to the Hawaiian community in Las Vegas. 9th Island Injury Lawyers was to operate as a d/b/a of AWH.

28. Wibicki alleges that under the agreement, and subject to a $100,000 buy-in, she would manage 9th Island Injury Lawyers, in exchange for a 25% equity interest and a decreased base salary.

29. Wibicki alleges that the relationship with partners Watkins and Hoffman deteriorated, and that Watkins and Hoffman diverted clients from 9th Island Injury Lawyers to another AWH d/b/a, Battle Born Injury Lawyers. Wibicki also claims that Watkins and Hoffman spread falsehoods about Wibicki's competency and performance.

30. The complaint alleges in January 2019, Watkins and Hoffman ousted Wibicki from AWH. According to the complaint, Watkins and Hoffman claimed Wibicki was owed only $57,000 in commission. Wibicki contested this amount.

31. In the Underlying Lawsuit, Wibicki raises causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, tortious breach of the covenant of good faith and fair dealing, declaratory relief, breach of fiduciary duty, unjust enrichment, and accounting.

32. Twin City is providing a defense to AWH, Watkins, and Hoffman in the Underlying Lawsuit, subject to a full and complete Reservation of Rights.

**COUNT I – DECLARATORY JUDGMENT THAT TWIN CITY
HAS NO DUTY TO DEFEND AWH, WATKINS, OR HOFFMAN
AS TO THE UNDERLYING LAWSUIT**

33. Twin City repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

34. An actual and justiciable controversy exists between Twin City and AWH, Watkins, and Hoffman concerning coverage under the Spectrum Policies for the purported claims asserted by Wibicki in the Underlying Lawsuit. Twin City asserts there is no duty to defend AWH, Watkins, or Hoffman with respect to the Underlying Lawsuit under the Spectrum Policies pursuant to one or more of the above-cited provisions (along with applicable Spectrum Policy definitions), and Twin City is informed and believes and thereon alleges that AWH, Watkins, and Hoffman contend there is a duty to defend under those same provisions.

35. Specifically, Wibicki does not seek damages because of "bodily injury" or "property damage" arising from an "occurrence" within the policy period, or for "personal and advertising injury" caused by an enumerated offense during the policy period.

36. With respect to any potential "personal and advertising injury" that may be alleged in the Underlying Lawsuit, which Twin City disputes, the Spectrum Policies exclude from coverage "personal and advertising injury" arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity. The Spectrum Policies also exclude coverage for "bodily injury", "property damage" or "personal and advertising injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

37. Additionally, the Business Liability Coverage Form, as amended by the Business Liability Coverage Form Amendatory Endorsement (SS 00 60 09 15), bars coverage for "personal and advertising injury" to a person arising out of the insured's employment-related practices, whether the injury-causing event occurred before employment, during employment, or after employment, and whether the insured may be liable as an employer or in any other capacity. The Umbrella Liability Insurance Policy also precludes coverage for injury or damage to a person arising out of termination of employment or any other employment-related practices.

38. Furthermore, the Spectrum Policies preclude coverage for "personal and advertising injury" arising out of the rendering of or failure to render professional services as a lawyer.

39. Accordingly, Twin City seeks a declaration that it does not owe AWH, Watkins, or Hoffman a defense with respect to the Underlying Lawsuit pursuant to the Spectrum Policies.

40. This Court's judicial declaration as to whether the Spectrum Policies provide coverage for the claims arising out of the Underlying Lawsuit is necessary at this time so that the parties may ascertain their rights.

**COUNT II – DECLARATORY JUDGMENT THAT TWIN CITY HAS
NO DUTY TO INDEMNIFY AWH, WATKINS, OR HOFFMAN
AS TO THE UNDERLYING LAWSUIT**

41. Twin City repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

42. An actual and justiciable controversy exists between Twin City and AWH, Watkins, and Hoffman concerning coverage under the Spectrum Policies for the purported claims asserted by Wibicki in the Underlying Lawsuit. Twin City asserts there is no duty to indemnify under one or more of the above-cited provisions (along with applicable Spectrum Policy definitions), and Twin City is informed and believes and thereon alleges that AWH, Watkins, and Hoffman contend there is a duty to indemnify under those same provisions.

43. Specifically, Wibicki does not seek damages because of "bodily injury" or "property damage" arising from an "occurrence" or for "personal and advertising injury" caused by an enumerated offense during the policy period.

44. With respect to any potential "personal and advertising injury" that may be alleged in the Underlying Lawsuit, which Twin City disputes, the Spectrum Policies exclude from coverage "personal and advertising injury" arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity. The Spectrum Policies also exclude coverage for "bodily injury", "property damage" or "personal and advertising injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

45. Additionally, the Business Liability Coverage Form, as amended by the Business Liability Coverage Form Amendatory Endorsement (SS 00 60 09 15), bars coverage for "personal and advertising injury" to a person arising out of the insured's employment-related practices, whether the injury-causing event occurred before employment, during employment, or after employment, and whether the insured may be liable as an employer or in any other capacity. The Umbrella Liability Insurance also precludes coverage for injury or damage to a person arising out of termination of employment or any other employment-related practices.

46. Furthermore, the Spectrum Policies preclude coverage for "personal and advertising injury" arising out of the rendering of or failure to render professional services as a lawyer.

47. Accordingly, Twin City seeks a declaration that it does not owe a duty to indemnify AWH, Watkins, or Hoffman with respect to the Underlying Lawsuit pursuant to the Spectrum Policies.

48. This Court's judicial declaration as to whether the Spectrum Policies provide coverage for the claims arising out of the Underlying Lawsuit is necessary at this time so that the parties may ascertain their rights.

**COUNT III – DECLARATORY JUDGMENT THAT
TWIN CITY IS ENTITLED TO REIMBURSEMENT OF ALL DEFENSE AND/OR
INDEMNITY PAYMENTS MADE ON BEHALF OF AWH, WATKINS, AND HOFFMAN**

49. Twin City repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

50. To the extent there is an ultimate determination that Twin City had no duty to defend AWH, Watkins, and Hoffman in connection with the Underlying Lawsuit, Twin City is entitled to a judgment that AWH, Watkins, and Hoffman must repay to Twin City all defense and/or indemnity payments Twin City has made or will make in connection with the Underlying Lawsuit under the Spectrum Policies.

## PRAYER

WHEREFORE, Twin City prays for judgment against AWH as follows:

1. For a judicial declaration that the Spectrum Policies do not provide coverage for the claims at issue in the Underlying Lawsuit, thus there is no duty to defend;

2. For a judicial declaration that the Spectrum Policies do not provide coverage for the claims at issue in the Underlying Lawsuit, thus there is no duty to indemnify;

3. For a judicial declaration that Twin City be permitted to withdraw from the defense in the Underlying Lawsuit;

4. For reimbursement of costs and expenses incurred by Twin City in its defense of the Underlying Lawsuit;

5. For an award of attorney's fees incurred herein;

6. For an award of costs of suit incurred herein; and

7. For such other and further legal or equitable relief as the Court deems just and proper.

DATED: January 27, 2022.

    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: */s/ Chad C. Butterfield*
    Chad C. Butterfield, Esq.
    Nevada Bar No. 10532
    Taylor A. Buono, Esq.
    Nevada Bar No. 15513
    6689 Las Vegas Blvd. South, Suite 200
    Las Vegas, Nevada 89119
    Phone: (702) 727-1400
    *Attorneys for Plaintiff Twin City Fire Insurance Company*